UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

ALMA ROPER, ET AL.,

                      Plaintiffs,            25-cv-1396 (JGK)

        - against -                          MEMORANDUM OPINION
                                             AND ORDER
AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
                      Defendant.
————————————————————————————

JOHN G. KOELTL, District Judge:

On February 18, 2025, the plaintiffs, Alma Roper and Eddie
Rodriguez, filed a complaint against the American Federation of
State, County and Municipal Employees ("AFSCME"). ECF No. 1. The
plaintiffs subsequently filed an amended complaint, which
alleges violations of the Labor Management Reporting and
Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(5)(c), and the
Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. ECF
No. 20-1. The defendants now move to dismiss the amended
complaint in its entirety pursuant to Federal Rule of Civil
Procedure 12(b)(6). ECF No. 24. For the reasons that follow, the
defendant's motion is **granted**.

                              I.

Unless otherwise indicated, the following facts are taken
from the amended complaint, or from documents attached to or

cited in the amended complaint, and are accepted as true for the purposes of deciding this motion.[1]

AFSCME is a national labor organization that consists largely of public employees. Amended Compl. ("AC") ¶ 7, ECF No. 20-1. AFSCME is organized into districts and local unions, including Local 1549, which is affiliated with District Council 37. See id. Plaintiff Alma Roper is the former Executive Vice President of Local 1549 and the former Vice President of District Council 37. Id. ¶ 10-11. Plaintiff Eddie Rodriguez is the former President of Local 1549. Id. ¶ 13. The plaintiffs held their positions until September 19, 2022. Id. ¶ 14.

In May 2022, AFSCME began an audit of Local 1549's books and records; the audit culminated in a draft report (the "draft audit report"), which was issued on September 1, 2022. See id. ¶¶ 17-18, 21. The draft audit report detailed various forms of financial mismanagement within Local 1549 in violation of the AFSCME Financial Standards Code. See id. ¶ 25; Ex. C to Compl., ECF No. 1-3. On September 19, 2022, based on the findings in the draft audit report, AFSCME placed Local 1549 into an administratorship and suspended all incumbent officers, including the plaintiffs. See Ex. A to Compl., ECF No. 1-1;

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Ex. B. to Compl., ECF No. 1-2; AC ¶ 16. On October 4, 2022, AFSCME held a hearing on the administratorship; Carla Insinga presided over the hearing. See AC ¶ 83, Ex. K to Compl., ECF No. 1-11. Insinga subsequently issued a decision upholding the administratorship. AC ¶ 105.

The following year, on September 18, 2023, certain members of Local 1549 (the "charging parties") filed union charges against the plaintiffs. See Ex. P to Compl. 3, ECF No. 1-16. The charges included allegations of financial misconduct, including the unauthorized or undocumented use of union funds. See id. at 41-48. AFSCME held a hearing on the charges on November 20, 2023 (the "disciplinary hearing"); Insinga once again presided. AC ¶ 109-10. On January 11, 2024, Insinga issued a written decision on the charges. Id. ¶ 111. Insinga found both Roper and Rodriguez guilty of violating Article V of AFSCME's Financial Standards Code and Rodriguez guilty of violating Article X, Section 2B of AFSCME's Constitution. Ex. P to Compl. 38. Insinga ordered that both Roper and Rodriguez be expelled from AFSCME and that Rodriguez pay over $31,000 in restitution for unapproved expenditures. See id.

The plaintiffs appealed Insinga's decision to AFSCME's full Judicial Panel. AC ¶ 112. The Judicial Panel denied the appeal. Id. ¶ 113. The plaintiffs appealed that denial to the AFSCME International Convention. Id. ¶ 114. On August 19, 2024, the

3

International Convention denied the plaintiffs' appeal and upheld Insinga's original decision. Id. ¶ 116.

The plaintiffs commenced this action with the filing of their original complaint on February 18, 2025. See ECF No. 1. The plaintiffs subsequently filed an amended complaint, which the defendants now move to dismiss in its entirety. See ECF No. 20, 24.

**II.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiffs' favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2008). The Court's function is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

### III.

The Amended Complaint sets forth two causes of action: (1) a violation of § 101(a)(5) of the LMRDA, 29 U.S.C. § 411(a)(5)(c) based on the plaintiffs allegedly not receiving a "full and fair trial," and (2) a violation of § 301 of the LMRA, 29 U.S.C. § 185, based on AFSCME's alleged violations of its own Constitution. Each claim is addressed in turn.

### A.

Section 101(a)(5) of the LMRDA is intended to "guard[] against abusive and unjust exercise of union authority by prohibiting a union from disciplining a member without first affording him certain procedural safeguards against unwarranted or inaccurate adjudication." Rosario v. Amalgamated Ladies' Garment Cutters Union, 605 F.2d 1228, 1238 (2d Cir. 1979). Congress "believed that only essential standards should be imposed by legislation, and that in establishing those standards, great care should be taken not to undermine union self-government." United Steelworkers v. Sadlowski, 457 U.S. 102, 117 (1982). Section 101(a)(5) "does not require that union disciplinary hearings incorporate specific protections associated with judicial proceedings, including the right to be represented by counsel and the technical rules of pleading, procedure and evidence." United States v. Int'l Bhd. of Teamsters, No. 88-cv-4486, 2007 WL 2319129, at *4 (S.D.N.Y. Aug.

5

9, 2007). Therefore, courts reviewing internal union disciplinary actions should intervene "only if there has been a breach of fundamental fairness." United States v. Int'l Bhd. of Teamsters, 22 F. Supp. 2d 135, 143 (S.D.N.Y. 1998), aff'd, 247 F.3d 370 (2d Cir. 2001).

"A court considering a claim for relief under the LMRDA because a party alleges that an internal union disciplinary hearing violated the union's constitution must conduct a two-step inquiry: (1) the court must find that the hearing violated the [union] constitution; and (2) it must find that the violation deprived plaintiffs of a fair trial within the meaning of the LMRDA." United States v. Int'l Bhd. of Teamsters, 652 F. Supp. 2d 447, 459-60 (S.D.N.Y. 2009).

The plaintiffs allege they were deprived of a "full and fair hearing" as required by § 101(a)(5) because (1) the hearing resulting in the plaintiffs' termination "was devoid of the opportunity to fully and fairly confront accusers, present evidence,[2] and cross examine witnesses,"; (2) "[n]o witnesses were available to authenticate the auditors' reports that

---

[2] The plaintiffs' contention that they were deprived of the opportunity to present evidence, id. ¶ 137, is without merit. Both of the plaintiffs testified at the hearing and had the opportunity to cross-examine Wang, the charging party who introduced the audit report at the disciplinary hearing. Ex. P to Compl. 9-14. They also put documents into evidence. Id. at 22.

constituted the basis" for the plaintiffs' termination; and (3) "[a]ll decision makers on all panels" were political opponents of the plaintiffs and were therefore biased against them.[3] AC ¶¶ 136-39. The plaintiffs' LMRDA claims fail because the complaint does not allege any violation of the AFSCME Constitution nor of fundamental due process principles guaranteed by the LMRDA.

With respect to witness testimony, the plaintiffs first complain that two individuals who drafted the audit report did not appear at the disciplinary hearing. See AC ¶¶ 119, 120-23, 137-38. But the plaintiffs did not have any right under the AFSCME Constitution to compel those individuals to testify as witnesses. Article X, § 12(G) of the AFSCME Constitution provides for "[t]he right to present witnesses in the accused person's behalf." AFSCME Const., art. X, § 12(G). However,

---

[3] Many of the arguments that the plaintiffs make in this case were rejected by another court in this District in Palladino v. American Federation of State, County, & Municipal Employees, No. 24-cv-5755, 2025 WL 1380991 (S.D.N.Y. May 13, 2025). The plaintiff in Palladino was found guilty of disciplinary charges in the same hearing that is the subject of the plaintiffs' complaint in this action and subsequently filed suit against AFSCME. The court in Palladino dismissed the plaintiff's claim for a violation of the LMRDA for failure to state a claim. See id. at *24. Palladino was decided before the plaintiffs filed their amended complaint, and the defendant relies on it extensively in its papers. Notably, however, the plaintiffs do not respond at all to Palladino's reasoning in opposing the defendant's motion. The Palladino decision is persuasive and its strong support for dismissing the plaintiffs' LMRDA claim.

§ 12(G) "does not similarly confer the right to compel an individual to testify." Palladino, 2025 WL 1380991, at *17 (emphasis added). Moreover, the LMRDA "only guarantees union members an opportunity to call to their defense anyone who would willingly testify." Id. It does not "require that a union member has the power to subpoena witnesses to appear at a union disciplinary hearing." Id.

The plaintiffs also complain that they were deprived of a full and fair hearing because Insinga failed to compel testimony from two of the charging parties, Alvin Carter and Anthony Lackhan. See AC ¶¶ 119,120-23, 137-38. Article X, § 12 of the AFSCME Constitution provides for an accused member's "right to confront the accuser," AFSCME Const. art. X, § 12(E), and the "right to cross-examine the accuser," id. § 12(F). As an initial matter, the plaintiffs' inability to call Carter did not violate the AFSCME Constitution because Carter did not attend the entire disciplinary hearing and was accordingly dismissed as a charging party. See Ex. P. to Compl. 3-4; AC ¶ 121. Because Carter was dismissed as an accuser, the plaintiffs did not have a right to confront or cross-examine him. While Lackhan did not voluntarily testify – and Insinga did not compel him to do so, AC ¶ 122 – "this does not amount to an LMRDA violation" because the LMRDA "does not provide union members a right to call an individual as a witness simply because the individual filed the charges at

8

issue," Palladino, 2025 WL 1380991, at *18; see also Yager v. Carey, 910 F. Supp. 704, 717 ("[P]laintiffs do not necessarily have a right to question the person who filed the charges."). The plaintiffs were able to cross-examine Honda Wang, the charging party who introduced the audit report into evidence at the disciplinary hearing. See AC ¶ 127. Thus, the plaintiffs were provided with due process: they "confronted every witness presented against [them] and could call to [their] defense anyone who would willingly testify." Palladino, 2025 WL 1380991, at *18 (quoting Keenan v. Int'l Ass'n of Machinists and Aerospace Workers, 937 F. Supp. 2d 93, 117 (D. Me. 2013)).

The plaintiffs further contend that they were deprived of a full and fair hearing because "[a]ll decision makers on all panels were political opponents of [the plaintiffs] in various union elements and therefore biased against them." AC ¶ 139. "A union member subject to internal disciplinary proceedings is entitled to an impartial trial body which arrives at its decision on the basis of evidence that the accused has an opportunity to rebut." Piacente v. Int'l Union of Bricklayers & Allied Craftworkers, 2015 WL 5730095, at *10 (S.D.N.Y. Sept. 30, 2015). "To allege bias of a trial body under the LMRDA, a plaintiff must make specific factual allegations of bias that show that the panelists were incapable of hearing [the] plaintiffs' case impartially." Palladino, 2025 WL 1380991, at

9

*21 (quoting Int'l Bhd. of Teamsters, 2007 WL 2319129, at *4). The plaintiffs make no such factual allegations in their amended complaint. Indeed, aside from two passing mentions of the word "bias," see AC ¶¶ 134, 139, the amended complaint includes no allegations that Insinga or any other "decision maker on [any] panel," id. ¶ 134, was "incapable of hearing [the] plaintiffs' case impartially," Palladino, 2025 WL 1380991, at *21.

The plaintiffs have failed to state a claim under § 101(a)(5) of the LMRDA, and the defendant's motion to dismiss that claim is therefore **granted**. Because the plaintiffs have requested an opportunity to amend their complaint, the LMRDA claim is **dismissed without prejudice**. See Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013) ("When a party requests leave to amend his complaint, permission should be freely granted.").

**B.**

The plaintiffs also contend that the defendant's alleged violations of the AFSCME Constitution are actionable breaches of contract pursuant to Section 301 of the LMRA. The defendant argues that the plaintiffs' LMRA claim fails on the merits. However, because the Court does not have subject matter jurisdiction over the LMRA claim, it is unnecessary to reach the merits of that claim.

10

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). The plaintiffs bear the burden of providing by a preponderance of the evidence that subject matter jurisdiction exists. Id.

Section 301 of the LMRA allows individual union members to sue their union and its officers for alleged violations of the national union's constitution. Wooddell v. Int'l Bhd. of Elec. Workers, Loc. 71, 502 U.S. 93, 99-102 (1991). However, Section 301 confers federal jurisdiction over "[s]uits for violation of contracts between . . . labor organizations." 29 U.S.C. § 185(a). Thus, to invoke the Court's subject matter jurisdiction, AFSCME and Local 1549 must each qualify as a "labor organization" within the scope of the LMRA.

In Palladino, a case that dealt with the same underlying dispute, the district court explained that the LMRA incorporates

11

the terms "labor organization" and "employer" as defined in the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152. Id. The court went on to explain that the NLRA defines a "labor organization" as an entity "in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers," and in turn provides that an "employer" "shall not include . . . any State or political subdivision thereof." Id.; see also 29 U.S.C. §§ 152(3), 152(5), 152(2). The court therefore concluded that Local 1549 is not a "labor organization" within the meaning of the LMRA because Local 1549 exclusively represents public sector employees and dismissed the Section 301 claim for lack of subject matter jurisdiction. See 2025 WL 1380991, at *23. The Palladino court's decision is consistent with decisions by other courts in this District that recognize that the LMRA does not cover unions that exclusively represent public employees. See, e.g., Rosenthal v. Roberts, No. 04-cv-5205, 2005 WL 221441, at *7 (S.D.N.Y. Jan. 28, 2005) (recognizing that a local union exclusively representing public employees does not qualify as "labor organization under the LMRA).

Notably, neither party in its papers addressed Palladino's subject matter jurisdiction conclusion. The Court directed the parties to submit supplemental briefing on the question of subject matter jurisdiction and specifically directed the

parties to the analysis in Palladino. See ECF No. 34. The parties' submissions were unpersuasive.

The defendant notes in its submission that the plaintiffs' claims "address a disciplinary hearing that resulted in their termination from their employment as Local 1549's President (Mr. Rodriguez) and Executive Vice President (Ms. Roper), as opposed to any concurrent employment that they may have had with a public employer." ECF No. 35, at 2. This misses the point. In this case, the plaintiffs bring a claim to enforce provisions of the AFSCME Constitution, but these provisions are enforceable under Section 301 only if Local 1549 is a "labor organization" within the meaning of the LMRA. See Wooddell, 502 U.S. at 98 n.3, 100 n.5 (to invoke jurisdiction under Section 301, a plaintiff must allege a violation of a contract "between two labor organizations"); Silverman v. Miranda, 213 F. Supp. 3d 519, 526 (S.D.N.Y. 2016) ("[I]n order to sustain jurisdiction over an action under Section 301, the action must allege: (1) a violation (2) of a contract (3) between an employer and a labor organization or between two labor organizations"). The defendant's submission does not address the questions of whether Local 1549 is a labor organization and does not even purport to address the district court's reasoning in Palladino. See ECF No. 35, at 1-2.

13

The plaintiffs' submission argues that the analysis in Palladino is "flawed" and "not built on a solid foundation." See ECF No. 36, at 2-3. The plaintiffs' main contention appears to be that the Palladino court's conclusion rests on the definition of "employer" in Section 2(2) of the NLRA, rather than the definition of "labor organization" in Section 2(5). But, as described above, the NLRA defines a "labor organization" as an entity "in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers." 29 U.S.C. § 152(5) (emphasis added). The plaintiffs provide no persuasive reason why the conclusion reached by the district court in Palladino is incorrect.

Because Local 1549 exclusively represents public employees, the Court lacks subject matter jurisdiction over the plaintiffs' LMRA claim. See Am. Fed'n of Teachers, AFL-CIO v. Federacion de Maestros de Puerto Rico, 381 F. Supp. 2d 65, 70 (D.P.R. 2005) (noting that "circuit courts" "have uniformly held that Section 301(a) does not apply to unions [that] represent only public sector employees"). That claim is therefore **dismissed without prejudice**. See Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

14

CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are moot or without merit.[4] For the foregoing reasons, the defendant's motion to dismiss the plaintiffs' complaint is **granted**, and the action is **dismissed without prejudice.**

The Clerk is respectfully requested to enter judgment dismissing this case without prejudice. The Clerk is also directed to close this case and to close all pending motions.

SO ORDERED.

Dated:    New York, New York
          January 8, 2026

                              _____
                                    John G. Koeltl
                              **United States District Judge**

---

[4] The defendant argues that the doctrine of arbitral immunity provides an independent basis for dismissal. See Mem. of Law in Supp. of Mot 16-17, ECF No. 26. It is unnecessary to reach this claim, and the defendant has not provided any authority declining to review LMRDA claims on the basis of arbitral immunity.

15