UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

ALMA ROPER, ET AL.,

                            Plaintiffs

             - against -

AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL EMPLOYEES,
                        Defendant.
─────────────────────────────────

25-cv-1396 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiffs, Alma Roper and Eddie Rodriguez, filed this action against the defendant, the American Federation of State, County, and Municipal Employees ("AFSCME"), asserting claims under the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(5)(c), and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. ECF No. 1. The plaintiffs subsequently filed an amended complaint, ECF No. 20-1, which the defendant moved to dismiss in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 24. On January 8, 2026, the Court granted the defendant's motion and dismissed the action without prejudice. ECF No. 38. The plaintiffs failed to file timely a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) and now move for an extension of time to file such a notice pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). The plaintiffs' motion is unopposed. For the reasons that follow, the plaintiffs' motion is **granted**.

1

**I.**

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, Federal Rule of Appellate Procedure 4(a)(5)(A)(i) provides that, in a civil case, a motion for an extension of time to file a notice of appeal may be filed no later than 30 days after the expiration of the 30-day period in which to file a notice of appeal.

The Court entered judgment in this case on January 12, 2026, ECF No. 38, and therefore the deadline for the plaintiffs to file a notice of appeal was February 11, 2026. See Fed. R. App. P. 4(a)(1)(A); Declaration of Marshall B. Bellovin ("Bellovin Decl.") ¶ 4, ECF No. 42. The plaintiffs did not file a notice of appeal on or before that date, but they filed the current motion for an extension of time on March 12, 2026 — in other words, within 30 days of the original February 11, 2026, deadline. The plaintiffs' motion is therefore timely. See Fed. R. App. P. 4(a)(5)(A)(i).

**II.**

Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) provides that a district court may grant a motion for an extension of time to file a notice of appeal if the moving "party shows excusable neglect or good cause." In determining whether a

2

moving party has shown excusable neglect, a court should consider four factors: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993); see also United States v. Hooper, 9 F.3d 257, 259 (2d Cir. 1993) (applying the Supreme Court's interpretation of "excusable neglect" in Pioneer regarding the Federal Rules of Bankruptcy Procedure to the Federal Rules of Appellate Procedure). The determination of "excusable neglect" is "an equitable one, taking account of all relevant circumstances." Pioneer Inv. Servs., 507 U.S. at 394-95.

The first two factors — the danger of prejudice and the length of the delay — generally favor the moving party, because the 30-day requirement of Rule 4(a)(5)(A) renders the length of delay and the danger of prejudice to the non-movant low. See Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003). The plaintiffs filed their motion for extension within 30 days after the expiration of 30-day period to file a notice of appeal. In this case, the defendant does not claim prejudice from this delay, and indeed has not opposed the plaintiffs'

3

motion. There is accordingly no evidence that an extension would prejudice the defendant or result in an excessive delay.

As to the third factor — the reason for the delay — the plaintiffs represent that their delay in filing a notice of appeal was inadvertent and was the result of plaintiffs' counsel's mistake or carelessness. Bellovin Declaration ¶¶ 6-12. The Second Circuit Court of Appeals has noted that "excusable neglect" is "broad enough to encompass even those omissions caused by circumstances within the movant's control," including "inadvertent delays, mistakes, or carelessness." In re Painewebber Ltd. P'ships Litig., 147 F.3d 132, 135 (2d Cir. 1998).

Finally, as to the fourth factor, the plaintiffs have established that have acted in good faith. The plaintiffs' counsel represents that the failure to file the notice of appeal within the original 30-day period resulted from an administrative breakdown in the plaintiffs' counsel's office. Bellovin Decl. ¶ 13. Once counsel discovered the failure, he acted promptly to file the present motion. Id. at ¶ 14.

The plaintiffs have accordingly established that their failure to file timely a notice of appeal was due to excusable neglect. The motion for an extension of time is therefore **granted.**

4

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not addressed specifically, those arguments are either moot or without merit. For the foregoing reasons, the plaintiffs' motion for extension of time to file a notice of appeal is **granted.**

The Clerk is respectfully requested to close ECF No. 41.


SO ORDERED.
Dated:     New York, New York
           April 7, 2026

                                    _____
                                       John G. Koeltl
                              United States District Judge